UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,<br><br>                            Plaintiff,<br><br>    v.<br><br>NATIONWIDE MORTGAGE BANKERS, INC.<br><br>                          Defendant. | Case No. 3:22-cv-04656 (ZNQ)(RLS)<br><br>Civil Action |

## ANSWER TO AMENDED COMPLAINT

Defendant Nationwide Mortgage Bankers, Inc. ("Nationwide"), by and through its attorneys, as and for its Amended Answer to the Amended Complaint of Plaintiff (the "Complaint"), alleges, on information and belief, as follows:

1.      Denies the allegations contained in paragraph 1 of the Complaint, except admits that the screen image from Nationwide's website was from said website.

2.      Nationwide lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's assertions that "PRMG is a leading lender, providing mortgage products to customers in nearly every state through its 282 branch offices located around the country." Nationwide denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.  By way of further answer, Nationwide admits that Nationwide and PRMG are direct competitors in certain parts of the country.

3.      Denies the allegations contained in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that the people named were lawfully hired by Nationwide.

5.      Denies the allegations contained in paragraph 5 of the Complaint, except admits that at or about the time alleged Plaintiff or its agents did write a misguided letter to Nationwide premised upon false allegations.

6.      Denies the allegations contained in paragraph 6 of the Complaint.

7.      Admits paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff and Nationwide are direct competitors without qualification but admits that Nationwide and PRMG are direct competitors in certain parts of the country and the remainder of paragraph 8 of the Complaint.  By way of further answer, Nationwide admits that Nationwide and PRMG are direct competitors in certain parts of the country.

9.      Denies the allegations contained in paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint sets forth conclusions of law, therefore no answer is required.  To the extent such paragraph can be construed to contain any allegations of fact, same are denied.

11.     Paragraph 11 of the Complaint sets forth conclusions of law, therefore no answer is required.  To the extent such paragraph can be construed to contain any allegations of fact, same are denied.

12.     Paragraph 12 of the Complaint sets forth conclusions of law, therefore no answer is required; to the extent such paragraph can be construed to contain any allegations of fact, same are denied.

13.     Paragraph 13 of the Complaint sets forth conclusions of law, therefore no answer is required.  To the extent such paragraph can be construed to contain any allegations of fact, same

are denied.  It is further specifically denied that PRMG is entitled to damages, declaratory or injunctive relief.

14.    Paragraph 14 of the Complaint sets forth conclusions of law, therefore no answer is required.  To the extent such paragraph can be construed to contain any allegations of fact, same are denied.

15.    Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.    Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.    Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.    Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.    Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.    Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.    Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.    Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Nationwide denies the allegation that the categories of information listed in paragraph 23 are confidential.  Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint.

24.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.  By way of further answer, Nationwide specifically denies that PRMG's purported "Confidential Information" has independent economic value to PRMG.

31.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

4

33.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.  By way of further answer, Exhibit A and Exhibit B are documents in writing which speak for themselves, and Nationwide objects to any attempts to characterize their contents.

43.     Denies the allegations contained in paragraph 43 of the Complaint.  By way of further answer, the "Restrictive Covenants Agreements" are documents in writing which speak for themselves, and Nationwide objects to any attempts to characterize their contents.

44.     Denies the allegations contained in paragraph 44 of the Complaint. By way of further answer, Exhibit A and B are documents in writing which speak for themselves, and Nationwide objects to any attempts to characterize their contents.

45.     Denies the allegations contained in paragraph 45 of the Complaint.  By way of further answer, Exhibit A and B are documents in writing which speak for themselves, and Nationwide objects to any attempts to characterize their contents.

46.     Denies the allegations contained in paragraph 46 of the Complaint.  By way of further answer, Exhibit A and B are documents in writing which speak for themselves, and Nationwide objects to any attempts to characterize their contents.

47.     Denies the allegations contained in paragraph 47 of the Complaint.  By way of further answer, Exhibit A and B are documents in writing which speak for themselves, and Nationwide objects to any attempts to characterize their contents.

48.     Denies the allegations contained in paragraph 48 of the Complaint.  By way of further answer, Exhibit A and B are documents in writing which speak for themselves, and Nationwide objects to any attempts to characterize their contents.

49.     Denies the allegations contained in paragraph 49 of the Complaint.  By way of further answer, Exhibit A and B are documents in writing which speak for themselves, and Nationwide objects to any attempts to characterize their contents.

50.     Denies the allegations contained in paragraph 50 of the Complaint.  By way of further answer, Exhibit A and B are documents in writing which speak for themselves, and Nationwide objects to any attempts to characterize their contents.

51.     Denies the allegations of paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint.

53.     Denies allegations contained in paragraph 53 of the Complaint, except as to its use of vague language such as "orchestrated" and "target other PRMG employees" as to which Nationwide denies knowledge or information sufficient to form a belief as to the truth of the allegations.

54.     (a-b) Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

59.     Denies the allegations contained in paragraph 59 of the Complaint.

60.     Denies the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 of the Complaint.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Denies the allegations contained in paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Nationwide lacks knowledge or information sufficient to form a belief as to when the Former PRMG Employees resigned.  By way of further response, Nationwide denies the remaining allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

77.     Denies the allegations contained in paragraph 77 of the Complaint.

78.     Denies the allegations contained in paragraph 78 of the Complaint.  By way of further answer, to the extent this paragraph refers to a document that is a writing which speak for itself, Nationwide objects to any attempts to characterize their contents.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

80.     Denies the allegations contained in paragraph 80 of the Complaint.

81.     Denies the allegations contained in paragraph 81 of the Complaint.

82.     Denies the allegations contained in paragraph 82 of the Complaint.

83.     Denies the allegations contained in paragraph 83 of the Complaint.

84.     Denies the allegations contained in paragraph 84 of the Complaint, except admits that Nationwide received a letter containing Plaintiff's allegations, which is a document in writing which speaks for itself, and Nationwide objects to any attempts to characterize its contents.

85.     Denies the allegations contained in paragraph 85 of the Complaint.

86.     Denies the allegations contained in paragraph 86 of the Complaint.

87.     Denies the allegations contained in paragraph 87 of the Complaint.  By way of further answer, Exhibit D is a document in writing which speaks for itself, and Nationwide objects to any attempts to characterize its contents.

88.     Denies the allegations contained in paragraph 88 of the Complaint.

89.     Denies the allegations contained in paragraph 89 of the Complaint.

<u>RESPONSE TO COUNT ONE</u>

90.     In response to paragraph 90 of the Amended Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

91.     Paragraph 91 of the Complaint sets forth conclusions of law, therefore no answer is required; to the extent such paragraph can be construed to contain any allegations of fact, same are denied.

92.     Denies the allegations contained in paragraph 92 of the Complaint.

93.     Denies the allegations contained in paragraph 93 of the Complaint.

94.     Denies the allegations contained in paragraph 94 of the Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96.     Denies the allegations contained in paragraph 96 of the Complaint.

97.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98.     Denies the allegations contained in paragraph 98 of the Complaint.

99.     Denies the allegations contained in paragraph 99 of the Complaint.

100.    Denies the allegations contained in paragraph 100 of the Complaint.

101.    Denies the allegations contained in paragraph 101 of the Complaint.

102.    Denies the allegations contained in paragraph 102 of the Complaint.

103.    Denies the allegations contained in paragraph 103 of the Complaint.

104.    Denies the allegations contained in paragraph 104 of the Complaint.

105.    Denies the allegations contained in paragraph 105 of the Complaint.

<u>RESPONSE TO COUNT TWO</u>

106.    In response to paragraph 106 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

109.    Denies the allegations contained in paragraph 109 of the Complaint.

110.    Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint.

111.    Denies the allegations contained in paragraph 111 of the Complaint.

112.    Denies the allegations contained in paragraph 112 of the Complaint.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

114.    Denies the allegations contained in paragraph 114 of the Complaint.

115.    Denies the allegations contained in paragraph 115 of the Complaint.

116.    Denies the allegations contained in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

## RESPONSE TO COUNT THREE

118.    In response to paragraph 118 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

119.    Denies the allegations contained in paragraph 119 of the Complaint.

120.    Denies the allegations contained in paragraph 120 of the Complaint.

121.    Denies the allegations contained in paragraph 121 of the Complaint.

122.    Denies the allegations contained in paragraph 122 of the Complaint.

123.    Denies the allegations contained in paragraph 123 of the Complaint.

124.    Nationwide lacks knowledge or information sufficient to form a belief as to the truth of what PRMG's or NMB's customers, borrowers and applicants entrust PRMG and NMB with.

125.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Amended Complaint.

126.    Denies the allegations contained in paragraph 126 of the Complaint.

127.    Denies the allegations contained in paragraph 127 of the Complaint.

128.    Denies the allegations contained in paragraph 128 of the Complaint.

129.    Denies the allegations contained in paragraph 129 of the Complaint.

130.     Denies the allegations contained in paragraph 130 of the Complaint.

131.     Denies the allegations contained in paragraph 131 of the Complaint.

132.    Denies the allegations contained in paragraph 132 of the Complaint.

133.    Denies the allegations contained in paragraph 133 of the Complaint.

<u>RESPONSE TO COUNT FOUR</u>

134.    In response to paragraph 134 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

135.    Denies the allegations contained in paragraph 135 of the Complaint.

136.    Denies the allegations contained in paragraph 136 of the Complaint.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Complaint.

138.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Complaint.

139.    Denies the allegations contained in paragraph 139 of the Complaint.

140.    Denies the allegations contained in paragraph 140 of the Complaint.

141.    Denies the allegations contained in paragraph 141 of the Complaint.

142.    Denies the allegations contained in paragraph 142 of the Complaint.

143.    Denies the allegations contained in paragraph 143 of the Complaint.

144.    Denies the allegations contained in paragraph 144 of the Complaint.

145.    Denies the allegations contained in paragraph 145 of the Complaint.

<u>RESPONSE TO COUNT FIVE</u>

146.    In response to paragraph 146 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

147.    Paragraph 147 of the Complaint sets forth conclusions of law, therefore no answer is required; to the extent such paragraph can be construed to contain any allegations of fact, same are denied.

148.    Denies the allegations contained in paragraph 148 of the Complaint.

149.    Admits; NMB further specifically denies that it accessed PRMG's computers.

150.    Denies the allegations contained in paragraph 150 of the Complaint.

151.    Denies the allegations contained in paragraph 151 of the Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the Complaint.

153.    Denies the allegations contained in paragraph of the Complaint.

154.    Denies the allegations contained in paragraph 154 of the Complaint.

<u>RESPONSE TO COUNT SIX</u>

155.    In response to paragraph 155 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

156.    Denies the allegations contained in paragraph 156 of the Complaint.

157.    Denies the allegations contained in paragraph 157 of the Complaint.

158.    Denies the allegations contained in paragraph 158 of the Complaint.

159.    Denies the allegations contained in paragraph 159 of the Complaint.

<u>RESPONSE TO COUNT SEVEN</u>

160.    In response to paragraph 160 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

161.    Denies the allegations contained in paragraph 161 of the Complaint.

162.    Denies the allegations contained in paragraph 162 of the Complaint.

163.    Denies the allegations contained in paragraph 163 of the Complaint.

164.    Denies the allegations contained in paragraph 164 of the Complaint.

<u>RESPONSE TO COUNT EIGHT</u>

165.    In response to paragraph 165 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

166.    Denies the allegations contained in paragraph 166 of the Complaint.

167.    Denies the allegations contained in paragraph 167 of the Complaint.

168.    Denies the allegations contained in paragraph 168 of the Complaint.

<u>RESPONSE TO COUNT NINE</u>

169.    In response to paragraph 169 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

170.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of the Complaint.

171.    Denies the allegations contained in paragraph 171 of the Complaint.

172.    Denies the allegations contained in paragraph 172 of the Complaint.

173.    Denies the allegations contained in paragraph 173 of the Complaint.

174.    Denies the allegations contained in paragraph 174 of the Complaint.

<u>RESPONSE TO COUNT TEN</u>

175.     In response to paragraph 175 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

176.     Denies the allegations contained in paragraph 176 of the Complaint.

177.     Denies the allegations contained in paragraph 177 of the Complaint.

178.     Denies the allegations contained in paragraph 178 of the Complaint.

179.     Denies the allegations contained in paragraph 179 of the Complaint.

180.     Nationwide lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180 of the Complaint.

181.     Denies the allegations contained in paragraph 181 of the Complaint.

182.     Denies the allegations contained in paragraph 182 of the Complaint.

183.     Denies the allegations contained in paragraph 183 of the Complaint.

184.     Denies the allegations contained in paragraph 184 of the Complaint.

<u>RESPONSE TO COUNT ELEVEN</u>

185.     In response to paragraph 185 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

186.     Denies the allegations contained in paragraph 186 of the Complaint.

187.     Denies the allegations contained in paragraph 187 of the Complaint.

188.     Denies the allegations contained in paragraph 188 of the Complaint.

<u>RESPONSE TO COUNT TWELVE</u>

189.    In response to paragraph 189 of the Complaint, this Defendant repeats and makes a part hereof the responses to each and every prior paragraph of this Answer as if same were fully set forth at length herein.

190.    Denies the allegations contained in paragraph 190 of the Complaint.

191.    Denies the allegations contained in paragraph 191 of the Complaint.

192.    Denies the allegations contained in paragraph 192 of the Complaint.

WHEREFORE, Nationwide demands judgment in its favor and against Plaintiff on all counts; the denial of all other requests for relief by Plaintiff' and for such other relief as the Court deems just and proper.

<u>AS AND FOR A FIRST SEPARATE DEFENSE</u>

The Complaint, and each cause of action thereof, fails to state a claim upon which relief may be granted.

<u>AS AND FOR A SECOND SEPARATE DEFENSE</u>

Plaintiff is barred from recovery in this action by the doctrine of unclean hands.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

To the extent that there are any damages at issue, Plaintiff failed to mitigate the damages claimed.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to join a necessary party without whom this action cannot proceed, to wit the individuals the Complaint names as Plaintiff's employees who allegedly committed wrongdoing, Heister and Wampler.

WHEREFORE Defendant Nationwide Mortgage Bankers, Inc. demands judgment dismissing the Complaint with prejudice; for the costs and expenses in defending this action, including reasonable attorney's fees; for the costs, fees and disbursements incurred herein; and for such other and further relief in favor of Defendant as is just and proper.

## **COUNTERCLAIMS**

Defendant and counterclaim Plaintiff, Nationwide Mortgage Bankers, Inc. ("Nationwide" or "counterclaim Plaintiff"), sets forth the following averments in support of its Counterclaims against Plaintiff and counterclaim Defendant, Paramount Residential Mortgage Group, Inc. ("PRMG" or "counterclaim Defendants") and avers as follows:

## INTRODUCTION

1.      In this action, Nationwide seeks damages, and costs it has incurred because of PRMG's tortious conduct as described herein.

2.      This counterclaim seeks to stop PRMG's unlawful activities; to deprive them of the fruits of those activities; and to remedy the damages, and costs that their actions have imposed on Nationwide to date.

3.      Like Nationwide, PRMG is a licensed mortgage company and a direct competitor of Nationwide in many parts of the country.

4.      Rather than grow organically, PRMG has created a business model based on locking all of its sales employees into employment agreements which it knows to be unlawful and unenforceable and then, when those employees dare to consider leaving PRMG, threatening them with baseless litigation and ultimately filing such lawsuits against the employee and/or their future employers to preclude those employees from working for any mortgage company other than PRMG.  For example, PRMG has instituted a number of lawsuits and arbitrations,

raising similar claims to the instant lawsuit, against former employees and both NMB and other mortgage companies, including in federal court in Ohio, and at least one arbitration before JAMS[1].  *See* Compl., *Paramount Residential Mortgage Group, Inc. v. Goran Marich, et al.*, No. 1:19-cv-2275 (N.D. Ohio), attached hereto as Exhibit 1.

5.      Indeed, PRMG has a checkered history in the industry.  In particular, when it comes to litigation, it has been sued at least seven (7) times in various jurisdictions for violations of the Fair Labor Standards Act and other state and local laws governing wages.

6.      It has also been sued itself for the very allegations it makes against NMB in this action, namely violations of the Defend Trade Secrets Act, misappropriation of trade secrets under federal and state law, and breaches of contract and fiduciary duties.  *See, e.g.*, *American Neighborhood Mortgage Acceptance Company, LLC v. Linda Aponte and Paramount Residential Mortgage Group, Inc.*, No. 6:19-cv-00485 (M.D. Fl.), attached hereto as Exhibit 2.

<u>PARTIES AND JURISDICTION</u>

7.      Nationwide is a corporation organized under the laws of the State of Delaware with its principal place of business at 310A Main Street, Lebanon, New Jersey 08833.

8.      Nationwide is a licensed mortgage company operating in 44 states and the District of Columbia.

9.      PRMG is a corporation organized under the laws of the State of California with its principal place of business as 1265 Corona Pointe Court, No. 300, Corona, California 92879.

10.     The Counterclaims arise out of the same case or controversy as the claims raised in the Complaint.  Subject matter jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1338, 15 U.S.C. § 15(a) and 28 U.S.C. § 1367(a).

---

[1] As arbitration filings are not generally publicly available.

11.     Venue is proper in the judicial district under 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

12.     PRMG, a direct competitor of Nationwide in many parts of the country, is also a licensed mortgage company.

13.     In order to grow its company, upon information and belief, PRMG takes the aggressive steps of binding employees to unenforceable employment agreements and then threatening lawsuits against them if they date to try to leave PRMG's employ.

14.     Indeed, within the industry, PRMG has a poor reputation evidenced by, and perhaps as a result of, the numerous lawsuits filed by and against it.

15.     In its instant Complaint, PRMG alleges that Nationwide recruited 41 former PRMG employees, namely, Bob Wampler ("Wampler"), Joe Heister ("Heister"), Jay Perez, Johanna Perez, Jennifer Givens, Chhabi Lamgadey, Mikim Phan, Richard Schultz, Surya Chhetri, Tika Upreti, Chad Dowdey, Kara Snyder, Narayan Bharati, Katie Smith, Vola Siwakoti, Maddie Heister, Meghan Heister, Pushkar Mangraty, Brent Phillips, Leslie Penate, Cory Johnson, Ja Salaam, Gerry Zagone, Shusil Regmi, Rob Heflin, Tracy Cecil, Nancy Terry, Frank Cecil, Adrian Tucker, Khem Rizal, John Syroka, Emily Johnson, Tatum Wessling, Jamie Warner, Avhinav Adhikari, Lorie Carter, Dana Clayton, Tika Siwakoti, Laura Horacek, Audra Bargy, and Jessica Lay (collectively, the "Former PRMG Employees"), in May of 2022.  See Amended Complaint ¶4, ECF No. 9.

16.     PRMG alleges that it had restrictive covenant agreements with each of the Former PRMG employees.  Id ¶42.

17.     PRMG acknowledges in its complaint that those employees all work in offices and not as outside salespeople.  Id ¶4.

18.     Nonetheless, NMB understands from those employees, who are inside salespeople, that they are paid on a purely commission basis, in violation of the Federal Fair Labor Standards Act ("FLSA").

19.     Parties are presumed to contract in accordance with existing principles of law, including statutory requirements governing the payment of wages pursuant to the FLSA and state and local wage and hour laws.

20.     PRMG is well aware that its method for paying its employees violates the law and that its agreements are therefore unenforceable.

21.     Paying its employees in violation of the law lowers PRMG's costs and allows it to unfairly compete against other mortgage lenders, including Nationwide.

22.     PRMG has a reputation in the industry for threatening its employees that if they leave, they will be sued.

23.     When an employee leaves PRMG, PRMG then files baseless lawsuits, like this Action and the actions described above, to restrict those employees' mobility, and inhibit any lawful competition against PRMG, maintaining and expanding its business at the expense of the competitor and PRMG's own former employees.

24.     Prior to filing this action, PRMG sent a letter to Nationwide demanding, *inter alia,* that Nationwide immediately restrain from "soliciting all past, present, or *future* PRMG customers" (emphasis added).  See Amended Complaint, Exhibit C, ECF No. 9-1.  There can be no clearer example of an improper attempt to stifle competition than seeking to prohibit a direct competitor from soliciting potential "future" customers.

25.     The letter further directed that Nationwide was to immediately refrain from soliciting any PRMG employees.  See Amended Complaint, Exhibit C, ECF No. 9-1.  Such

attempts to bar a competitor from soliciting any of a company's employees have been determined to violate antitrust laws. See, e.g., *In re Ry. Indus. Employee No-Poach Antitrust Litig.*, 395 F.Supp.3d 464, 481, 485 (W.D. Pa. 2019) ("The court's decision that the agreements alleged by plaintiff are plausibly per se violations of the antitrust laws is supported by the government's explanation... that the federal agencies charged with enforcing the antitrust laws consider naked no-poach agreements per se violations of the Sherman Act[ ] and the DOJ will proceed criminally against those who enter into those kinds of agreements.").

26.     All parties injured by violations to the Sherman Act or any anti-trust law have a private right to bring a claim in the United States District Courts, pursuant to 15 U.S.C. §15(a).

27.     Despite being aware of the Department of Justice's position that a company cannot prohibit its competitors from hiring its employees, PRMG proceeded to file the instant action seeking to preclude PRMG from "soliciting any PRMG employee to leave employment with PRMG…". See Amended Complaint ¶ 53, ECF No. 9.

28.     The Complaint even attached a letter from counsel for Nationwide informing PRMG that the no-poach agreement would violate federal law, clearly demonstrating that PRMG was on notice, and acting willfully and in knowing disregard of the law.

29.     PRMG also requires at least some of its employees to sign arbitration agreements. Since arbitration proceedings are generally confidential, the true number of baseless actions PRMG has filed to inhibit lawful competition is likely far higher than can be determined from public docket searches.

30.     In one such arbitration, PRMG is suing employees who went to a different competitor, CrossCountry Mortgage, well over a year ago.  Those employees have recently left CrossCountry to work at Nationwide and PRMG has served an amended discovery request in

that case seeking information on Nationwide, despite these employees having not been employed by PRMG for over a year and information about Nationwide being unrelated to that case.

31.     These tactics constitute abuse of process and demonstrate that PRMG's sole goal is to inhibit lawful competition against it by any means necessary.

32.     The instant action against Nationwide is also baseless and simply an attempt to stifle competition by deterring Nationwide from seeking to hire top talent who previously worked with PRMG.

**FIRST CLAIM FOR RELIEF**
**UNFAIR COMPETITION**

33.     Counterclaim Plaintiff incorporates by reference its allegations from each of the foregoing paragraphs as though set forth herein.

34.     PRMG has used its lawsuits against its former employees and their new employers to knowingly stifle competition and unlawfully inhibit employee mobility.

35.     The instant action wrongfully interferes with Nationwide's ability to compete with PRMG by limiting its ability to recruit and attract top talent through baseless, frivolous litigation.

36.     PRMG has also used other lawsuits and arbitration proceedings against its former employees to wrongfully interfere with their prospective employment with Nationwide. See Exhibit 1.

37.     In an effort to diminish Nationwide's resources, PRMG has further used its lawsuit against Nationwide as a way to gain a competitive advantage over Nationwide.

38.     By virtue of these actions in knowingly interfering with its existing and prospective employment relationships and contracts, and by utilizing unfair and illegal practices like demanding blanket "no poach" agreements from competitors and failing to pay its workers

properly, intended to unfairly compete with Nationwide, PRMG has engaged in activity unbecoming of the ethical standards of the business world resulting in unfair competition with Nationwide.

39.     As a result of PRMG's anti-competitive conduct, Counterclaim Plaintiff has been damaged in an amount to be proven at trial.

40.     PRMG's actions were willful and malicious and done with specific intent to injure Nationwide.

**WHEREFORE,** Counterclaim Plaintiff, Nationwide Mortgage Bankers, Inc., respectfully requests judgment in its favor and against Counterclaim Defendant Paramount Residential Mortgage Group, Inc.; an award of actual and compensatory damages; economic damages; injunctive relief or other equitable relief; attorneys' fees and costs; and any other award of relief that the Court deems appropriate.

SECOND CLAIM FOR RELIEF
ABUSE OF PROCESS

41.     Counterclaim Plaintiff incorporates by reference its allegations from each of the foregoing paragraphs as though set forth herein.

42.     The Complaint against Nationwide was filed for the improper and ulterior purpose to force pressure or otherwise coerce Nationwide to not compete with PRMG and to not hire the best salespeople if they happened to have worked for PRMG at any point in the past.

43.     Indeed, PRMG's actions in the arbitration above, regarding employees who left PRMG over a year ago, and are now seeking to move to Nationwide following working at a third mortgage company, demonstrate that PRMG will not be satisfied if any of its former salespeople ever work in the industry again.

44.     The filing and any subsequent prosecution of the Complaint against Nationwide was done knowingly without a factual or legal basis as a means to subvert lawful competition and had the result of perverting the regular conduct of a proceeding in order to attempt to accomplish an improper purpose.

45.     By the above acts, Plaintiff made an improper, illegal and perverted use of the legal procedure, when it filed the Complaint in this action.

**WHEREFORE,** Counterclaim Plaintiff, Nationwide Mortgage Bankers, Inc., respectfully requests judgment in its favor and against Counterclaim Defendant Paramount Residential Mortgage Group, Inc.; an award of actual and compensatory damages; economic damages; injunctive relief or other equitable relief; attorneys' fees and costs; and any other award of relief that the Court deems appropriate.

<u>THIRD CLAIM FOR RELIEF</u>
<u>TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE</u>
<u>OR EMPLOYMENT CONTRACT</u>

46.     Counterclaim Plaintiff incorporates by reference its allegations from each of the foregoing paragraphs as though set forth herein.

47.     At all times relevant to this Counterclaim, PRMG has known about Nationwide's advantageous business and contractual relationships with its existing and prospective customers.

48.     In order to sustain its business, PRMG is engaging in tortious interference with Nationwide's existing and prospective customer relationships by improperly threatening PRMG's current and prospective sales employees with litigation, which harms Nationwide's ability to access and retain top talent.

49.     PRMG is further engaging in tortious interference with existing and prospective contractual relationships and unfair competition by underpaying its employees and trying to

enforce restrictive covenants which it knows are unenforceable, overbroad and, frankly, egregious, as opposed to legitimate and narrowly tailored restrictive covenants, as a business strategy in order to stifle competition.

50.     By doing so, PRMG employed wrongful means to intentionally, and without justification or excuse, interfere with Nationwide's pursuit of prospective economic or contractual business and employment relationships.

51.     Nationwide has reasonable expectations that relationships with its sales employees would lead to economic advantage by virtue of their ability to generate sales for Nationwide.

52.     Nationwide has reasonable expectations that relationships with its customers brought in by those salespeople would also lead to economic advantage by virtue of interest from the loans made to those customers.

53.     By engaging in conduct designed to deter Nationwide from hiring talented sales employees and from soliciting even *future customers* that PRMG might do business with at some point, there exists a reasonable probability that PRMG's interference in those business and employment relationships caused or will cause the loss of Nationwide's prospective gain.

54.     PRMG's interference with Nationwide's existing and prospective advantageous business relationships is willful, malicious, intentional and unjustified.

55.     Nationwide was directly harmed by PRMG's knowing, intentional, malicious and wrongful interference with Nationwide's contracts, in the form of lost employment with prospective and former employees.

56.     As a result of PRMG's actions, Nationwide has been damaged in an amount to be proven at trial.

**WHEREFORE,** Counterclaim Plaintiff, Nationwide Mortgage Bankers, Inc., respectfully requests judgment in its favor and against Counterclaim Defendant Paramount Residential Mortgage Group, Inc. with regard to all claims and counterclaims in this action; an award of actual and compensatory damages; economic damages; injunctive relief or other equitable relief; attorneys' fees and costs; and any other award of relief that the Court deems appropriate.

<u>DEMAND FOR JURY TRIAL</u>

To the extent permitted by law or this Honorable Court, Defendant demands a trial by jury in this matter.

<u>VERIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.  To my knowledge, no other action or arbitration proceeding is contemplated related to this controversy.

Dated:  July 19, 2023

By:      /s/ *Christopher J. Kelly, Esq.*
         Christopher J. Kelly, Esq.
         COZEN O'CONNOR
         1010 Kings Highway South
         Cherry Hill, NJ 08034
         T: (856) 910-5000
         ckelly@cozen.com

         /s/ *Roger K. Marion, Esq.*
         Roger K. Marion, Esq.
         Marion & Allen, P.C.
         190 Moore Street, Suite 204
         Hackensack, NJ 07601
         T: (212) 658-0350
         Direct: (201) 264-6622
         rmarion@rogermarion.com